Stephen R. Jaffe (SBN 49539)
THE JAFFE LAW FIRM
1 Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone: (415) 618-0100
stephen.r.jaffe@jaffetriallaw.com

Attorneys for Relator STEVEN FALLON

DENIED
Judge Phyllis J. Hamilton
January 3, 2023

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., STEVEN FALLON and on behalf of the STATE OF CALIFORNIA, ,<br><br>Relator,<br><br>v.<br><br>MATTHEW WAYNE; MIRIAM DELGADILLO; TAMMY WATSON,<br><br>Defendants. | Case No. 16-CV-6994-PJH<br><br>ORDER **DENYING** ADMINISTRATIVE MOTION (L. R. 7-11) FOR SCHEDULING ORDER RE: TRIAL SUBPOENA SERVED ON FORMER DEFENDANT AND THIRD-PARTY WITNESS HAYWARD UNIFIED SCHOOL DISTRICT |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ADMINISTRATIVE MOTION

#### INTRODUCTION

This administrative motion is based on the following procedural posture of this case.

A jury trial of this case is set for **March 6, 2023**.

On November 1 and 2, 2022, the relator filed an administrative motion (Dkt. 152, 153) seeking leave of this court to reopen discovery for the limited purpose of seeking to enforce a third-party document subpoena on former defendant and now third-party witness, Hayward Unified School District ("HUSD").

On November 10, 2022, this court denied the relator's administrative motion (Dkt. 158).

On December 20, 2022, the relator served a trial subpoena ("trial subpoena) on HUSD. A

Case No. 16-CV-6994-PJH

true and correct copy of the trial subpoena is attached to this administrative motion as Exhibit A.

By this motion, the relator seeks an order of this court: (a) requiring the defendants and/or HUSD to either (i) move to quash the trial subpoena on or before January 6, 2023 or (ii) to waive its right to move to quash or otherwise not fully comply with the trial subpoena and (b) if a motion to quash the trial subpoena is made, for the court setting an expedited briefing schedule and hearing date on such motion to quash.

As set forth in the declaration of relator's counsel which accompanies this administrative motion, in the event the court grants a motion to quash the trial subpoena or otherwise declines to enforce the trial subpoena, the relator intends to immediately move this court for an order certifying (a) the court's previous denial (Dkt. 158) of relator's administrative motion (Dkt. 152,153) and (b) the court's granting of any motion to quash the trial subpoena or declination to enforce the trial subpoena for interlocutory appeals to the Ninth Circuit pursuant to 28 USC §1292(b).

## ARGUMENT

The relief sought by this motion is because this court's ruling on any motion to quash the trial subpoena is necessary to avoid the reasonable possibility of having to conduct two full jury trials of this case, causing a tremendous waste of the time and resources of this court, counsel and jurors. As set forth in the declaration of relator's counsel which accompanies this administrative motion, if the court grants a motion to quash the trial subpoena or otherwise declines to enforce the trial subpoena, the relator intends to immediately move this court for an order, pursuant to 28 USC §1942(b), certifying that ruling for interlocutory appellate review to the Ninth Circuit.

28 USC §1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that **such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation**, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. (emphasis added)

16514482.1

The documents sought by the trial subpoena are Individual Education Plans ("IEPs") for special education students enrolled in the HUSD for the years 2015-2017. As described in great detail in the relator's previous administrative motion (Dkt 152, 153), the relator unsuccessfully sought production of the IEPs for almost six years. The relator firmly believes the relevant contents of the IEPs "involves a controlling question of law as to which there is substantial ground for difference of opinion" and the appellate resolution of that issue will "materially advance the ultimate termination of the litigation" or may likely be dispositive of the central issue in this case.

If the court declines to enforce the trial subpoena and grants a motion to quash it and the relator is subsequently required to conduct an entire jury trial without the IEP evidence available to him, the relator's only opportunity for an appellate review of this court's denial of his opportunity to obtain the IEPs would be a post-judgment appeal of the district court's prior rulings. If, on such post-judgment appeal, it is determined the relator was entitled to obtain the IEPs in discovery or by enforcement of the trial subpoena, the sole remedy the appellate court could provide to the relator would be to remand the matter to the district court, order the IEPs to be produced and then to hold a new jury trial with that evidence available.

However, unnecessary duplicate jury trials can be avoided by application of the procedure provided by 28 USC §1292(b). But the §1292(b) procedure can only be invoked by the relator if this court rules on the enforceability of the trial subpoena sufficiently in advance of the date of the trial, which is the date on which the trial subpoena is returnable.

This administrative motion solely requests a scheduling order and does not seek any substantive relief. No party or the HUSD will be prejudiced by the granting of this administrative motion. in the event the court grants a motion to quash the trial subpoena or otherwise declines to enforce the trial subpoena, the relator intends to immediately move this court for an order certifying (a) the court previous denial of relator's administrative motion (Dkt. 152,153) and (b)

16514482.1

the court's granting of any motion to quash the trial subpoena or declination to enforce the trial subpoena for interlocutory appeals to the Ninth Circuit pursuant to 28 USC §1292(b).

For the foregoing reasons, the reltor, STEVEN FALLON, requests this court grant the administrative relief sought by this motion.

Dated: December 27, 2022                             Respectfully submitted,

                                                     THE JAFFE LAW FIRM

                                                     By:_____/S/_____
                                                              Stephen R. Jaffe
                                                              Attorneys for Relator
                                                              STEVEN FALLON

### DECLARATION OF STEPHEN R. JAFFE

Stephen R. Jaffe states:

1. I am counsel for the relator in this action. The facts set forth in this declaration are true of my own personal knowledge and if called as a witness I could and would testify thereto.

2. In the event the court grants a motion to quash the trial subpoena or otherwise declines to enforce that subpoena, for the reasons set forth in the ARGUMENT preceding this declaration, the relator intends to immediately move this court for an order certifying (a) the denial of relator's previous administrative motion (Dkt. 152,153) and (b) the court's granting of any motion to quash the trial subpoena or declination to enforce the trial subpoena for interlocutory appeals to the Ninth Circuit pursuant to 28 USC §1292(b).

I declare the foregoing to be true under the penalty of perjury of the laws of the State of California. Executed December 27, 2022, in Riverside County, California.

                                                     _____/s/_____
                                                              Stephen R. Jaffe

16514482.1

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States et al. ex rel. Steven Fallon | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 16-civ-06994-PJH |
| Matthew Wayne et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   CUSTODIAN OF RECORDS OF HAYWARD UNIFIED SCHOOL DISTRICT

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A to this Subpoena

| Place: United States District Court<br>1301 Clay Street, Courtroom 3, 3rd Floor<br>Oakland, CA 94612 | Date and Time:<br>03/06/2023 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/20/22

CLERK OF COURT

_____   OR   *[signature]*
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Relator, STEVEN FALLON, who issues or requests this subpoena, are:
Stephen R. Jaffe; 1 Sansome Street; Suite 3500; San Francisco, CA 94104; 415-618-0100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A - SUBPOENA

Documents to be produced by:

**CUSTODIAN OF RECORDS, HAYWARD UNIFIED SCHOOL DISTRICT** ("HUSD"):

Each and every original (physical paper) Individual Education Plan in the care, custody or control of HUSD for any student enrolled in the HUSD from 01/01/2015 to 12/31/2017 for which such student the HUSD provided and/or paid for the transportation to any transportation company, entity or individual for the transportation by private taxicab, van, private vehicle or other means or modes of transportation. If any such Individual Education Plan does not exist in a physical paper format, a complete, true and correct unmodified version of any such digital, electronic, magnetic or other format of each such document, in its original, native format, including all metadata related thereto, may be produced.

Prior to producing the records and/or documents described above, the HUSD shall redact, remove or obliterate any information identifying the names and all other identifying personal information for any student whose Individual Education Plan is produced pursuant to this subpoena. No other kind or manner of information may be redacted, removed or obliterated from any student's Individual Education Plan.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16-civ-06994-PJH

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Relator, STEVEN FALLON
on *(date)* 12/20/2022 .

☑ I served the subpoena by delivering a copy to the named person as follows:
Richard M. Jacobson; rmjacobson@jacobsonmarkam.com

on *(date)* 12/20/22 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 12/20/2022

*Server's signature*

Stephen R. Jaffe
*Printed name and title*

1 Sansome Street, Suite 3500
San Francisco, CA 94104

*Server's address*

Additional information regarding attempted service, etc.:

Case 4:16-cv-06994-PJH   Document 165   Filed 01/03/23   Page 9 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).