UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs,<br>v.<br>MATTHEW WAYNE, et al.,<br>Defendants. | Case No. 16-cv-06994-PJH<br><br>**ORDER DENYING MOTION TO COMPEL THIRD-PARTY COMPLIANCE WITH TRIAL SUBPOENA**<br><br>Re: Dkt. No. 166 |

Relator's motion to compel compliance with trial subpoena came on for hearing before this court on January 26, 2023. The hearing was advanced by the court to provide the parties with a resolution before the upcoming pretrial conference. Relator appeared through his counsel, Stephen R. Jaffe. Third party appeared through its counsel, Richard M. Jacobson. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES relator's motion, for the following reasons.

**BACKGROUND**

**A.    The Trial Subpoena**

On December 20, 2022, relator served third-party Hayward Unified School District ("HUSD") with a subpoena to compel the production of documents at trial (the "trial subpoena"). Dkt. 166 at 10–13. Relator's trial subpoena seeks Individualized Education Plan ("IEP") records for every student enrolled at HUSD from January 1, 2015, through December 31, 2017, who received transportation services provided by and paid for by HUSD. The records sought cover three school years at HUSD. Valdez Decl. ¶ 6 (Dkt.

1    181-1 at 2). HUSD services approximately 2000 to 3000 special needs students each
2    school year. Valdez Decl. ¶ 2 (Dkt. 181-1 at 2). Each year, between 700 and 1000 of
3    these special needs students have IEPs indicating that transportation is a necessary
4    service. Id.
5        HUSD Special Education Coordinator, Julia Valdez, conducted an exemplar
6    search for eight random students identified by the Special Education Department as
7    students with transportation identified as a requirement in their IEPs. Valdez Decl.
8    ¶ 7(a)–(j) (Dkt. 181-1 at 2–3). It took two hours for her to locate these students' IEPs. Id.
9    The two hours did not include making any redactions as would be permitted by the trial
10   subpoena. Id. To ensure compliance with the trial subpoena, similar efforts would be
11   needed for the 700 to 1000 special education students receiving transportation services
12   in each of the three years, with additional time needed for students who have exited
13   HUSD whose files are in storage. Id. This means an IEP record search would have to
14   be conducted for approximately 2,100 to 3000 students, and additional time would be
15   required to perform redactions, photocopy, and compile each record.
16       On January 3, 2023, HUSD served a timely objection to the trial subpoena on the
17   bases that (1) the records sought are highly private education records of students and
18   (2) production of the redacted records would impose substantial hardship on HUSD. Dkt.
19   166 at 15–19. The instant motion to compel followed. Dkt. 166.
20   **B.    Relevant Procedural History**
21       This False Claims Act case was filed on December 6, 2016. Dkt. 1. Relator's
22   current counsel commenced his representation of relator on March 29, 2019. Dkt. 21. On
23   March 16, 2020, the case was unsealed after both federal and state governments
24   declined to intervene. Dkt.33. Litigation began in earnest thereafter. HUSD, among
25   other entities and individuals, was named in the original complaint but was dismissed as
26   a defendant on March 15, 2021. Dkt. 109. After several rounds of motions to dismiss,
27   relator filed a third amended complaint and the remaining four individual defendants
28   answered on September 1, 2021. Dkt. 124. The first case management conference was

conducted on September 16, 2021, and a September 16, 2022, deadline for discovery was imposed, along with a March 6, 2023, trial date. Dkt. 130.

Relator complains that he has been seeking the student IEPs, the subject of the trial subpoena, from HUSD for six years. Yet no formal discovery request for the IEPs was propounded on any defendant; no discovery was actually taken except a PMK deposition of a HUSD employee on April 4, 2022; and no formal discovery motion to compel the production of the IEPs was made. The only discovery issue that relator sought court intervention to resolve was contained in a discovery letter brief filed on February 3, 2022. Dkt. 140. Relator recognized in that brief that any discovery from HUSD would have to be obtained using third-party procedures because HUSD had been dismissed as a party. Because the superintendent of HUSD was still a defendant in the case, relator didn't know whom to serve with any third-party discovery request. The court agreed that this presented a dilemma for relator and ordered defendant Wayne to identify the person who would accept service. Dkt. 142. Defendant complied on February 14, 2022. Dkt. 143.

Relator's first attempt to use Rule 45 procedures was a third-party subpoena served on October 20, 2022. HUSD responded with the same objections it makes here. Relator's attempt to get the matter before the court failed for failure to follow the local rules of this court, as explained at the hearing. Relator again served a third-party subpoena on HUSD on December 20, 2022. HUSD filed timely objections and relator filed a proper motion to overrule the objections and for an order compelling compliance, the motion the court considers here.

Subsequent to the hearing on January 26, 2023, relator's counsel filed on the court's docket copies of several email exchanges between him and HUSD's counsel. Dkt. 185. Since the exchanges took place during the mediation process, they are not properly part of the public record, and the court orders them SEALED. Nonetheless, the court reviewed the highlighted portions which relator's counsel submitted to support his claim that he made an unequivocal request for the IEPs and that HUSD counsel agreed

to produce them. The emails reflect that on December 13, 2021, HUSD counsel asked for a couple of tailored informal documents requests from relator. Relator's counsel immediately responded that he would send an informal document request but that HUSD could start with the IEPs for the 2015 – 2017 school years. On December 14, 2021, relator's counsel emailed an informal document request in which he expressly reserved the right to conduct formal discovery. On December 27, 2021, relator's counsel emailed HUSD counsel inquiring whether a response was forthcoming. Later that same day, HUSD counsel responded that he had communicated the request to HUSD and was waiting to hear back. On January 14, 2022, HUSD counsel emailed relator's counsel and the ADR office, that he had been attempting to obtain from HUSD the documents requested informally by relator but had not been successful.

From this history, the court concludes that relator's counsel made a specific, informal request for the IEPs and that HUSD was aware of the request for the IEPs, but that HUSD would not produce the IEPs without a court order. HUSD counsel tried to obtain the IEPs from his client, but he could not produce these documents without HUSD's willingness to locate, compile and release them. Because of the sensitive, private and confidential nature of IEPs for special education students who were all minors, HUSD would not disclose them absent a court order. HUSD maintained this position throughout the litigation. So, by January 2022, relator was on notice that the IEPs would not be produced informally. In February 2022, relator sought the court's assistance in discovering the identity of which HUSD representative would accept service of a subpoena. Relator took a PMK deposition of an HUSD employee in April 2022 but made no formal discovery request before discovery closed September 16, 2022, filed no discovery motion, and served the subject subpoena for the IEPs on HUSD on December 20, 2022.

**DISCUSSION**

Rule 45 of the Federal Rules of Civil Procedure governs discovery from non-parties. Rule 45 provides that "the court for the district where compliance is required

1  must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply;
2  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
3  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver
4  applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

5　　　　HUSD argues that the IEPs contain highly confidential personal information about special education students and are deserving of protection.  HUSD does not claim that they are privileged.  Relator recognizes that the documents are confidential but submits that the subpoena's requirement for redaction of identifying information is sufficient to protect the privacy of the students.  The court finds the subpoena is overly broad given what relator is seeking—whether individualized transportation was or was not approved. Relator has no need for, nor would it be appropriate to disclose the students' medical information, educational progress, or any other information contained in these voluminous and detailed documents.  Thus, if the documents were to be produced, they would have to be redacted in their entirety except for the two entries dealing with transportation.

　　　　HUSD also argues that the IEPs do not reflect the information that relator needs to support his case because they do not contain the names of the transportation providers or the reasons for selection of any particular provider.  However, the court need not address this argument in view of the findings that follow.

　　　　Here, two Rule 45 factors are relevant for consideration, particularly in how they intertwine.  Relator's lack of diligence in seeking these records through formal discovery or an earlier third-party subpoena on HUSD is obvious given the above-described history. While the service of a subpoena on December 20, 2022, for production of documents at trial commencing nine weeks later would not necessarily be untimely under all circumstances, the court must examine the specific circumstances presented here— namely whether the subpoena is timely given the volume of information sought.  The Valdez declaration describes the nature of the search and explains that it took her two hours just to find the information for eight students.  Valdez Decl. ¶ 7(a)–(j) (Dkt. 181-1 at

2–3).  Given the estimates of the number of IEPs that would have to be found and searched, HUSD estimates that it would take 525 to 750 hours just to find the IEPs requested and longer if the students have exited the school system.  Additional time would be needed to locate the information within each IEP responsive to the subpoena, redact all other information, photocopy, and compile all the records.  The search for the IEPs alone would entail somewhere between 13 to 18 forty-hour work weeks for one staff member working fulltime on nothing but this project.  Although relator's counsel argued that based on his client's deposition in a state case that the number of students was closer to 150 a year, he did not challenge the Valdez declaration's calculations.  The court concludes that compliance with the trial subpoena within the timeline necessary would require a herculean effort and place an undue burden on the school district.  The court does not seek to penalize relator for the procrastination of his counsel, but the court is unwilling to impose the burden of this discovery on a third-party public school district which is no longer a party in this case, particularly given the amount of time relator had to obtain this information prior to trial.  The court finds that pursuant to Rule 45 and under the circumstances of this case, the subpoena does not allow a reasonable time to comply and compliance would pose an undue burden on HUSD.

## CONCLUSION

For the foregoing reasons, the court DENIES relator's motion to compel production of documents.  The court sustains HUSD's objections and QUASHES relator's subpoena.  Additionally, the court orders the document found at docket # 185 SEALED.

**IT IS SO ORDERED.**

Dated: January 30, 2023

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge